1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC PAUL KEITH, | ) | Case No. EDCV 11-574-VAP (DTB) |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| | ) | |
| DIRECTOR OF CORRECTIONS AND REHABILITATION, et al., | ) | |
| | ) | |
| Respondent. | ) | |

On April 11, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein along with a supporting Memorandum of Points and Authorities ("Pet. Mem.") and Exhibits thereto. The Petition purports to be directed to a 2000 conviction sustained by petitioner in San Bernardino County Superior Court. (See Pet. at ¶¶ 1-2.) Petitioner purports to be raising four grounds for relief. (See Pet. Mem. at 1-2.)

Based on its review of the Petition as well as information derived from the California Appellate Courts website[1], it appears to the Court that the Petition is time barred. Accordingly, on or before **May 20, 2011**, petitioner is ORDERED to show

---

[1]     http://appellatecases.courtinfo.ca.gov/index.html

1  cause in writing (if any he has) why the Court should not recommend that this action
2  be dismissed with prejudice on the ground of untimeliness[2].

4  ### THE TIME BAR ISSUE

5  Since this action was filed after the President signed into law the Antiterrorism
6  and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is
7  subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §
8  2244(d).  See Calderon v. United States District Court for the Central District of
9  California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[3]  28 U.S.C. § 2244(d)
10  provides:

11          "(1)   A 1-year period of limitation shall apply to an application
12      for a writ of habeas corpus by a person in custody pursuant to the
13      judgment of a State court.  The limitation period shall run from the latest
14      of--

15              (A)    the date on which the judgment became final by
16          conclusion of direct review or the expiration of the time for
17          seeking such review;

18              (B)    the date on which the impediment to filing an
19          application created by State action in violation of the Constitution

---

21  [2]      The Ninth Circuit has held that the district court has the authority to raise
22  the statute of limitations issue *sua sponte* when untimeliness is obvious on the face
23  of the petition and to summarily dismiss a petition on that ground pursuant to Rule
24  4 of the Rules Governing Section 2254 Cases in the United States District Courts, so
   long as the court "provides the petitioner with adequate notice and an opportunity to
25  respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
   260 F.3d 1039, 1042-43 (9th Cir. 2001).

27  [3]      Beeler was overruled on other grounds in Calderon v. United States
28  District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

2

1    or laws of the United States is removed, if the applicant was

2    prevented from filing by such State action;

3              (C)    the date on which the constitutional right asserted

4    was initially recognized by the Supreme Court, if the right has

5    been newly recognized by the Supreme Court and made

6    retroactively applicable to cases on collateral review; or

7              (D)    the date on which the factual predicate of the claim

8    or claims presented could have been discovered through the

9    exercise of due diligence."

10

11   From a review of the Petition, as well as the California Appellate Courts

12   website, it appears that petitioner appealed the underlying judgment of conviction to

13   the California Court of Appeal on May 22, 2000, which subsequently affirmed the

14   judgment on April 9, 2001.  Thereafter, petitioner filed a Petition for Review in the

15   California Supreme Court on or about May 21, 2001, which was subsequently denied

16   on June 27, 2001.  Thus, "the date on which the judgment became final by conclusion

17   of direct review or the expiration of the time for seeking such review" was September

18   19, 2001, when the 90-day period for petitioner to petition the United States Supreme

19   Court for a writ of certiorari expired.  See Bowen v. Roe, 188 F.3d 1157, 1158-59

20   (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2.  Therefore, for purposes of 28 U.S.C.

21   § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of

22   direct review or the expiration of the time for seeking such review" on September 19,

23   2001, and his one-year limitations period under the AEDPA expired on September

24   19, 2002, absent either a late-trigger date or a basis for tolling of the statute.

25   From the face of the Petition, it does not appear that petitioner has any basis for

26   contending that he is entitled to a later trigger date under§ 2244(d)(1)(B).  Nor does

27   it appear that petitioner has a basis for contending that any of his claims is based on

28   a federal constitutional right that was initially recognized by the United States

3

1  Supreme Court subsequent to the date of his conviction became final and that has
2  been made retroactively applicable to cases on collateral review, as provided in §
3  2244(1)(C).  Finally, it appears that petitioner has no basis for contending that he is
4  entitled to a later trigger date under § 2244(d)(1)(D) since petitioner was aware of the
5  **factual** predicate of his claim as of the date his petition for review was denied.  <u>See</u>
6  <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations
7  begins to run when a prisoner "knows (or through diligence could discover) the
8  important facts, not when the prisoner recognizes their legal significance").

9       Thus, unless a basis for tolling the statute existed, petitioner's last day to file
10  his federal habeas petition was September 19, 2002.  <u>See</u> <u>Patterson v. Stewart</u>, 251
11  F.3d 1243, 1246 (9th Cir. 2001); <u>Beeler</u>, 128 F.3d at 1287-88.

12       28 U.S.C. § 2244(d)(2) provides:
13       "The time during which a properly filed application for State post-
14       conviction or other collateral review with respect to the pertinent
15       judgment or claim is pending shall not be counted toward any period of
16       limitation under this subsection."

17

18       In <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed
19  the foregoing tolling provision with reference to California's post-conviction
20  procedures.  The Ninth Circuit held that "the statute of limitations is tolled from the
21  time the first state habeas petition is filed until the California Supreme Court rejects
22  the petitioner's final collateral challenge." <u>See</u> <u>id</u>. at 1006.  <u>Accord</u>, <u>Carey v. Saffold</u>,
23  536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for
24  purposes of statutory tolling, a California petitioner's application for collateral review
25  remains "pending" during the intervals between the time a lower state court denies
26  the application and the time the petitioner files a further petition in a higher state
27  court).  However, the statute of limitations is not tolled during the interval between
28  the date on which the judgment of conviction became final and the filing of the

4

1 | petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

2 |      Petitioner's Petition for Review to the California Supreme Court was denied
3 | June 27, 2001, and his conviction became final 90 days later, on September 19, 2001.
4 | There is no record of petitioner filing any state habeas petition during the
5 | approximately 9 year period between the denial of his Petition for Review and the
6 | filing his federal habeas petition.  Once the AEDPA limitations period lapsed in
7 | September, 2002, it could not be reinitiated.  See Ferguson v. Palmateer, 321 F.3d
8 | 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of
9 | the limitations period that has ended before the state petition was filed," even if the
10 | state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001);
11 | Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223
12 | F.3d 1001, 1003 (9th Cir. 2000).  Thus, it appears there is no basis for statutory
13 | tolling of the limitations period with respect to the Petition.

14 |      In Holland v. Florida, _U.S._, 130 S. Ct. 2549 (2010), the Supreme Court held
15 | that the timely filing of a habeas petition was not jurisdictional, but rather was subject
16 | to equitable tolling.  If petitioner intends to rely on the equitable tolling doctrine for
17 | purposes of arguing that his federal habeas petition is timely, he will need to include
18 | with his Response to this Order to Show Cause a declaration under penalty of perjury
19 | stating facts showing (1) that he has been pursuing hi rights diligently, and (2) that
20 | some "extraordinary circumstances" beyond petitioner's control stood in his way
21 | and/or made it impossible for him to file the Petition on time.  See Pace v.
22 | DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also
23 | Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Raspberry v. Garcia, 448 F.3d
24 | 1150, 1153 (9th Cir. 2006).

25 | DATED: April 20, 2011

27 |

28 | DAVID T. BRISTOW
    UNITED STATES MAGISTRATE JUDGE

5